UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VALERIE D. BELL,  :
 : NO. 1:12-CV-00483
    Plaintiff,  :
 :
 :
  v.  : **OPINION AND ORDER**
 :
 :
COMMISSIONER OF SOCIAL  :
SECURITY,  :
 :
    Defendant.

This matter is before the Court on the Magistrate Judge's Report and Recommendation, (doc. 17) and Plaintiff's Objections (doc. 18). In her Report and Recommendation, the Magistrate Judge recommended that the decision of the Administrative Law Judge ("ALJ") denying Plaintiff Disability Insurance Benefits ("DBI") and Supplemental Security Income ("SSI") be affirmed and this case be dismissed from the docket of the Court (Id.). For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety.

**I. Background**

Plaintiff filed an application for DIB and SSI in January 2004, alleging a disability onset date of November 30, 2002 due to physical and mental impairments (doc. 17). After the ALJ's initial decision denying benefits was vacated by the Appeals Counsel, the ALJ held a second hearing after which the ALJ again denied

Plaintiff's application (Id.).

Although the ALJ found that Plaintiff had severe impairments of "history of right elbow epicondylitis, history of left rotator cuff tear, obesity, recently developed lower lumbar facet arthropathy, left knee injury in April 2007 with corrective surgery, and left foot fracture in 2008," she concluded that none of Plaintiff's impairments alone or in combination met or medically equaled an impairment in the Listings (Id.). The ALJ determined that despite her impairments Plaintiff retained a residual functional capacity ("RFC") to perform sedentary work (Id.). The ALJ found Plaintiff limited as follows:

> she can climb stairs only occasionally; she cannot climb ladders, ropes, or scaffolds; she can reach overhead only occasionally, she cannot use foot controls; she has a slight limitation of understanding, remembering, and carrying out simple or complex job instructions, and of making judgments on simple or complex work-related decisions, but she can generally function well in these areas; and she has more than a slight limitation of interacting appropriately with the public, supervisors, and coworker, and responding appropriately to usual work settings or changes in a routine work setting, but is still able to function satisfactorily in these areas.

(Id.). Based on the record as a whole, the ALJ concluded Plaintiff is able to perform her past relevant work as a cashier, as well as other jobs in the national economy, including security monitor, stock clerk, hand packer, and general office clerk (Id.). The ALJ thus determined that Plaintiff is not under disability as defined in the regulations, and is not entitled to DIB or SSI (Id.). The

Appeals Council denied Plaintiff's second request for review, thus making the ALJ's second decision the final determination of the Commissioner (Id.).

On appeal to this Court, Plaintiff contends the non-disability determination should be reversed for six reasons (Id.). She argues the ALJ erred by 1) denying Plaintiff's application as a matter of law when the ALJ's findings compel an award of benefits; 2) failing to give deference to the findings of Dr. Dreyer; 3) improperly evaluating Plaintiff's credibility; 4) relying on the opinions of the non-examining state agency medical advisor; 5) failing to resolve the conflict between the testimony of the vocational expert and the information contained in the Dictionary of Occupational Titles (DOT); and 6) failing to consider the effects of Plaintiff's obesity on her musculoskeletal conditions (Id.).

**II. The Magistrate Judge's Report and Recommendation**

The Magistrate Judge reviewed the record, rejected Plaintiff's assignments of error, found the ALJ's non-disability determination supported by substantial evidence, and recommended the Court affirm such decision (Id.). The Magistrate Judge first addressed Plaintiff's second and fourth objections, with respect to the opinion evidence (Id.). The Magistrate Judge found no error with respect to the ALJ's rejection of the opinions of Drs. Dreyer and Deardorff because Plaintiff's daily activities contradicted their opinions that she was unable to work (Id.). The Magistrate

Judge noted that Plaintiff cared for her minor Son, babysat her Grandchildren, and played pool on a weekly basis (Id.). More significantly, the ALJ pointed out that the vocational expert testified that Dr. Dreyer's assessment would render Plaintiff unable to work, even though she was working at the time of such evaluation (Id.). The record shows that Plaintiff even earned substantial gainful activity in 2004 and 2005 (Id.). Finally, the Magistrate Judge found Plaintiff's focus on her Global Assessment of Functioning ("GAF") score unpersuasive based on the Commissioner's declining to endorse the use of such score in the disability analysis (Id., citing DeBoard v. Comm'r of Soc. Sec., 211 Fed. App'x 411 (6th Cir. 2006)) (Id.).

The Magistrate Judge next addressed Plaintiff's contention that the ALJ improperly relied on the opinions of Drs. Melvin and Eggerman (Id.). The Magistrate Judge rejected such contention, finding that the ALJ's decision does not show reliance on Dr. Melvin's opinion, but does rely on that of Dr. Eggerman, who offered the most comprehensive assessment in the record (Id.). Because Dr. Eggerman's opinion showed moderate limitations in interactions, in abilities to respond appropriately in work situations, in abilities to remember and carry out short, simple, and detailed instructions, the Magistrate Judge found the ALJ properly relied on such opinion in arriving at her conclusion (Id.). The Magistrate Judge concluded the ALJ was faced with conflicting evidence as to

Plaintiff's ability to perform work-related activities, and resolved such conflict in accordance with agency regulations and controlling law (Id.).

The Magistrate Judge next rejected Plaintiff's assignment of error with regard to Plaintiff's obesity (doc. 17). The Magistrate Judge noted Plaintiff failed to show her obesity impaired her ability to work or develop such argument in any meaningful way (Id.). The Magistrate Judge concluded the ALJ's decision as to Plaintiff's obesity was substantially supported (Id.).

As for Plaintiff's credibility, the Magistrate Judge found the ALJ's evaluation considered all the applicable factors, and that Plaintiff's daily activities contradicted her claims of disabling depression and anxiety (Id.). The Magistrate Judge properly noted that credibility findings by an ALJ are entitled to deference, and in this instance, should be affirmed (Id.).

The Magistrate Judge further rejected Plaintiff's argument that the ALJ failed to resolve the conflict between the testimony of the vocational expert and the information contained in the Dictionary of Occupational Titles (DOT) (Id.). The Magistrate Judge noted that the ALJ specifically asked the vocational expert if his testimony was consistent with the DOT, and the VE indicated in the affirmative (Id.). The Magistrate Judge found the ALJ did not err by relying on such testimony to conclude that Plaintiff could perform her previous job as a cashier (Id.). Even if Plaintiff

could not perform such job, the Magistrate Judge noted the ALJ's decision would still be supported by substantial evidence because the ALJ made an alternative step five finding regarding other work that Plaintiff could perform based on Plaintiff's limitations (Id.).

As a final matter, the Magistrate Judge rejected Plaintiff's initial contention that the ALJ erred as a matter of law by denying Plaintiff's applications (Id.). Plaintiff appears to assert that the ALJ's finding in the previous decision, that Plaintiff's mental impairments would limit her to a job that did not require much interaction with others, would preclude all work activity (Id.). The Magistrate Judge rejected such theory, finding the ALJ referred to severe psychological impairments at step-two of the sequential evaluation, but that the current RFC does not preclude interaction with others (Id.). The Magistrate Judge noted that the current RFC is supported by substantial evidence, including the assessment by Dr. Eggerman (Id.).

### III. Plaintiff's Objections

In a very artfully drafted response, Plaintiff objected to the Magistrate Judge's Report and Recommendation, contending the ALJ should have relied on the opinions of Drs. Deardorff and Dryer, that Plaintiff's RFC is erroneous, and that the Magistrate Judge jumbled the analysis of Plaintiff's statement of errors (doc. 18). Plaintiff questioned the Magistrate Judge's observation that she was able to care for her minor Son and babysit grandchildren, noting "we

don't know whether she devotes 60 hours a week to being a helicopter mom or whether she just occupies the children with TV and microwaves the occasional frozen dinner" (Id.).  Plaintiff contends that without knowing the nature, extent, duration, time period, consistency, and quality of those activities, it is "impossible to tell us anything about [Plaintiff's] capacity to work reliably and consistently at a full-time job such that she can satisfy [an] average employer" (Id.).

Plaintiff further argues that her work in 2004 and 2005 was not treated specifically enough by the ALJ, and the ALJ failed to account for the fact she did not work in 2003, and that she was not able to continuously work as a self-employed day care operator (Id.).  Plaintiff contends the facts of the case do not logically support the conclusion that she engaged in sustained full-time work in 2004 and 2005 in a fashion that was inconsistent with the findings of Drs. Deardorff and Dryer in 2003 and March 2004 that she was in no mental condition to work for at least February 2003 through March of 2004 (Id.).  Plaintiff therefore requests a remand for an award of benefits as to the alleged onset date of November 30, 2002 (Id.).

**IV. Analysis**

Under 42 U.S.C. § 405(g), the findings of the ALJ are conclusive if they are supported by substantial evidence. Accordingly, this Court's "review is limited to determining whether

-7-

there is substantial evidence in the record to support the findings." Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 851 (6th Cir. 1986). "'Substantial evidence' means 'more than a scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir. 1981)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)), cert. denied, 461 U.S. 957 (1983). It is for the Secretary to resolve conflicts in the evidence and to decide questions of credibility. Gaffney v. Bowen, 825 F.2d 98, 100 (6th Cir. 1987). The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). The substantial evidence standard presupposes that there is a "zone of choice" within which the Secretary may proceed without interference from the courts. Id. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm. Kirk, 667 F.2d at 535.

Having reviewed this matter, the Court finds well-taken the Magistrate Judge's observation that the ALJ found "the most complete assessment of claimant's mental capabilities by any directly examining source has come from David A. Eggerman." Dr. Eggerman's assessment was more comprehensive than any other medical source, and constitutes substantial evidence that the ALJ reasonably

relied upon to arrive at a finding of non-disability. Although Plaintiff invokes the opinions of Drs. Deardorff and Dryer, the Court finds the ALJ's conclusion denying benefits fell properly within his "zone of choice." Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994).

The Court notes Plaintiff's objections with regard to questions about Plaintiff's abilities to care for children. It very well may be true that Plaintiff is unable to independently run a day-care operation and that we do not know the nature, extent, and quality of her ability in having done so temporarily. However, the VE in this matter testified that a hypothetical person with Plaintiff's functional limitations could perform as a cashier and other sedentary jobs, including security system monitor, stock clerk, hand packer, and general office clerk. The ALJ's final RFC does not preclude interaction with others such that Plaintiff could function satisfactorily in appropriately interacting with the public, supervisors, and coworkers. The Court does not find such conclusion unsupported by substantial evidence, as demonstrated by the Magistrate Judge's analysis.

The Court, having reviewed this matter de novo pursuant to 28 U.S.C. §636(b) finds the Magistrate Judge's Report and Recommendation well-reasoned, thorough, and correct. The Court finds the ALJ's decision supported by substantial evidence. The Court agrees with Defendant that Plaintiff's proffered claims of

error are unpersuasive.

The Parties were served with the Report and Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation required by 28 U.S.C. § 636(b)(1)(C), including that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal.  See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).

Accordingly, having reviewed this matter de novo pursuant to 28 U.S.C. §636(b), the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety (doc. 17), FINDS the Defendant's decision supported by substantial evidence, AFFIRMS the  decision of the ALJ, and DISMISSES this case from the docket.


SO ORDERED.


Dated: September 24, 2013      s/S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge